# EXHIBIT B

## Declaration of Daniel P. Wikel

160257.01600/124032550v.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NS8 Inc.[1]<br><br>　　　　Debtor. | Chapter 11<br><br>Case No.: 20-12702 (CSS) |

**DECLARATION OF DANIEL P. WIKEL
IN SUPPORT OF DEBTOR'S APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO
(I) EMPLOY AND RETAIN FTI CONSULTING, INC. TO PROVIDE
THE DEBTOR A CHIEF RESTRUCTURING OFFICER, DEPUTY CHIEF
RESTRUCTURING OFFICER, AND CERTAIN ADDITIONAL PERSONNEL
AND (II) DESIGNATE (A) DANIEL P. WIKEL AS CHIEF RESTRUCTURING
OFFICER AND (B) LEE SWEIGART AS DEPUTY CHIEF RESTRUCTURING
OFFICER FOR THE DEBTOR EFFECTIVE AS OF THE PETITION DATE**

I, Daniel P. Wikel, declare under penalty of perjury as follows:

1.　　　I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly owned subsidiaries, agents, independent contractors and employees "FTI"), a financial advisory services firm with numerous offices throughout the country, and am duly authorized to make this declaration (the "Declaration") on behalf of FTI in support of the *Debtor's Application for Entry of an Order Authorizing the Debtor to (I) Employ and Retain FTI Consulting, Inc. to Provide the Debtor a Chief Restructuring Officer, Deputy Chief Restructuring Officer, and Certain Additional Personnel and (II) Designate (A) Daniel P. Wikel as Chief Restructuring Officer and (B) Lee Sweigart as Deputy Chief Restructuring Officer for the Debtor Effective as of the Petition Date*

---

[1] The Debtor and the last four digits of its federal taxpayer identification number is as follows: NS8 Inc. (6056). The notice address for the Debtor is NS8 Inc., PO Box 34120, Las Vegas, NV 89133.

(the "Application")[2] on the terms and conditions set forth in the Application and the Engagement Letter. Except as otherwise noted, I have personal knowledge of the matters set forth herein.[3]

## QUALIFICATIONS OF FTI

2.     As I stated in the First Day Declaration, FTI is a global leader in assisting companies across numerous industries in connection with out-of-court restructurings and bankruptcy proceedings. FTI specializes in debtor advisory services, bankruptcy case management and bankruptcy litigation consulting, interim management services, and creditor advisory services. FTI's debtor advisory services include a wide range of activities targeted at stabilizing and improving a company's financial position, including, among other things: (a) developing or validating business plans and related assessments of a business's strategic position; (b) monitoring and managing cash, cash flow, and supplier relationships; (c) assessing and recommending cost reduction strategies; (d) creating financial analyses and reporting for companies embarking on, or currently operating under, the protection of chapter 11 of the Bankruptcy Code; and (e) designing and negotiating financial restructuring and wind-down packages, including actions arising under chapter 5 of the Bankruptcy Code, avoidance and asset recovery actions

3.     FTI has been involved as financial advisor to the Debtor from approximately September 22, 2020 until my appointment as CRO and Mr. Sweigart's appoint as DCRO on or about October 21, 2020. Prior to the commencement of this Case, FTI Professionals, including myself, among other things: (i) reviewed and discussed the Debtor's strategy regarding the development of a potential sale and, ultimately, implementation of a sale process; (ii) assisted in the preparation of the documentation needed to implement the sale contemplated during this Case;

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Application.
[3] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by such professionals.

and (iii) consulted on a regular basis with the Debtor's other senior management, board members and outside advisors with respect to the foregoing. The FTI Professionals are thus intimately familiar with the Debtor's business and are well qualified to act on the Debtor's behalf given their extensive knowledge and expertise with respect to the Debtor's business challenges and sale strategy and will be a valuable resource for the Debtor in the Case.

4. Further, FTI has provided similar services and personnel in recent cases in this District. *See, e.g., 24 Hour Fitness Worldwide, Inc.,* Case No. 20-11558 (Bankr. D. Del. June 15, 2020); *F+W Media, Inc.*, Case No. 19-10479 (Bankr. D. Del. Mar. 18, 2019); *In re Zohar III, Corp.*, Case No. 18-10512 (Bankr. D. Del. June 11, 2018); *In re Weinstein Co. Holdings LLC*, Case No. 18-10601 (Bankr. D. Del. April 24, 2018); *In re SFX Entm't, Inc.*, Case No. 16-10238 (Bankr. D. Del. Mar. 3, 2016); *In re Fresh & Easy, LLC*, Case No. 15-12220 (Bankr. D. Del. Nov. 20, 2015); *In re Corinthian Colleges, Inc.*, Case No. 15-10952 (Bankr. D. Del. May 27, 2015); *In re Mineral Park, Inc.*, Case No. 14-11996 (Bankr. D. Del. Sept. 23, 2014); *In re FCC Holdings, Inc.*, Case No. 14-11987 (Bankr. D. Del. Sept. 22, 2014); *In re Digital Domain Media Grp., Inc.*, Case No. 12-12568 (Bankr. D. Del. Oct. 31, 2012); *In re Cadence Innovation LLC*, Case No. 08-11973 (Bankr. D. Del. Sept. 18, 2008).

5. I believe I have the requisite experience to serve as the Debtor's chief restructuring officer. I am a Senior Managing Director for Corporate Finance and Restructuring at FTI. I have more than twenty-five (25) years of experience working exclusively in distressed situations and transactions, including but not limited to, in and out-of-court restructurings, operational turnarounds, asset sales, and refinancing transactions. My operational expertise encompasses the areas of strategic planning, investment analysis, operational process improvement, and cost improvement identification. I have served as chief restructuring officer and as an advisor for

companies, including Interlogic Outsourcing, Inc., Premium Transportation Services, Inc. d/b/a Total Transportation Services, and United Fixtures Company, Inc. My experience relates to executing engagements in corporate turnarounds, lender workouts, bankruptcy situations, and raising debt and equity funding for companies across a number of industries.

6. In addition, I believe Mr. Sweigart has the requisite experience to serve as the Debtor's deputy chief restructuring officer. Mr. Sweigart is a Managing Director for Corporate Finance and Restructuring at FTI. Mr. Sweigart has more than twenty (20) years of accounting and financial consulting experience, both as an advisor and interim executive. Mr. Sweigart specializes in advising clients in transition, restructuring and turnaround situations and through general business and accounting related disputes. Mr. Sweigart has served as chief restructuring officer and deputy chief restructuring officer for a variety of companies, including FuelCell Energy, Inc., AcuSport Corporation and Aerospace Parts International, Inc. Mr. Sweigart has successfully implemented a number of restructuring initiative, both in-court and out-of-court, including liquidity enhancement measures, permanent operating cost reductions, capital transactions and divestures of assets and business units.

## SCOPE OF SERVICES

7. Subject to approval by the Court, FTI will be retained by the Debtor to provide the FTI Professionals on the terms and conditions set forth in the engagement letter, dated October 21, 2020, attached to the Application as **Exhibit C** (the "Engagement Letter"),[4] except as otherwise explicitly set forth in the Application or in any order granting the Application.

---

[4] The summaries of the Engagement Letter contained in this Declaration are provided for purposes of convenience only. In the event of any inconsistency between the summaries contained herein and the terms and provisions of the Engagement Letter, the terms of the Engagement Letter shall control unless otherwise set forth herein. Capitalized terms used in such summaries but not otherwise defined herein shall have the meanings set forth in the Engagement Letter.

8. Generally, the FTI Professionals will support the Debtor with respect to the matters described in the Application and the Engagement Letter and the services to be provided by the CRO and the DCRO will not be duplicative. Having both a CRO and a DCRO will benefit the Debtor's estate by allocating personnel as appropriate and allowing certain Services (as defined below) to be provided by the DCRO at a lower hourly rate. As of the Petition Date, four (4) FTI Professionals were working full- or part-time on the engagement, excluding the FTI forensic team who have been engaged directly by the board and legal counsel for privileged purposes and who cost will be subsidized by the directors & officer insurance policy that remains in place.

## DISINTERESTEDNESS AND ELIGIBILITY

9. In connection with the employment proposed in the Application, FTI undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtor. Specifically, FTI obtained from the Debtor and/or its representatives the names of individuals and entities that may be parties-in-interest in the Case (the "Potential Parties-in-Interest") and such parties are listed on Exhibit 1 annexed hereto. FTI has researched its electronic client files and records to determine its connections with the Potential Parties-in-Interest.

10. As far as I have been able to ascertain through these efforts, to the extent that FTI has been retained on or after October 21, 2020 to represent any of the other Potential Parties-in-Interest (or their apparent affiliates, as the case may be), such parties are listed on Exhibit 2 annexed hereto. FTI's concluded or current representation of each entity listed on Exhibit 2 (or its apparent affiliate, as the case may be), however, was or is only on matters that are unrelated to the Debtor and the Case, except as discussed herein. Other than as listed on Exhibit 2 or discussed herein, I am unaware of any engagements of FTI by the Potential Parties-in-Interest on or after

5

October 21, 2020. Given the size of FTI and the breadth of its client base, it is possible that FTI may now or in the future be retained by one or more of the Potential Parties-in-Interest in unrelated matters. FTI will continue to analyze any additional Potential Parties-in-Interest that become involved in these proceedings and it will promptly supplement this disclosure to the Court for any representations for additional Potential Parties-in-Interest.

11. As a result of the efforts described herein, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, the Firm:

    a. is not a creditor of the Debtor (including by reason of unpaid fees for prepetition services) or an equity security holder of the Debtor;

    b. except with respect to the prepetition officer role described herein and/or in the Application, is not and has not been, within 2 years before the date of the filing of the petition, a director, officer (other than by virtue of FTI employees serving in the roles as FTI Professionals (prepetition and postpetition as described in the Application), or an employee of the Debtor; and

    c. does not have any interest materially adverse to the interests of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

12. As the Debtor may be aware, certain Potentially Interested Parties may have previously retained FTI. However, such representations are in matters wholly unrelated to this engagement.

13. From the results of such review, FTI is not aware of any conflicts of interest or additional relationships that FTI believes would preclude FTI from performing the services proposed in the Engagement Letter. However, as the Debtor knows, FTI is a large consulting firm with numerous offices throughout the United States. FTI is regularly engaged by new clients, which may include one or more of the Potentially Interested Parties. FTI will not accept an engagement that directly conflicts with the Case without the Debtor's prior written consent.

14.     Additionally, FTI has represented, and may currently represent, entities contacted in connection with the sale and marketing process for the Debtor's assets, including, without limitation, entities that have submitted indications of interest or bids to the Debtor or its advisors in connection with a sale of the Debtor's assets. Because of the confidential nature of such indications of interests and bids, the applicable entities are not identified on the schedules attached hereto. FTI does not, however, currently represent any such entities in any matters related to the Debtor, the Case, or a sale of any of the Debtor's assets. Upon request of the Court, the U.S. Trustee, or counsel for any statutory committee appointed in the Case, FTI will provide to the Court and/or such parties the names of such entities and disclose the nature of FTI's connection therewith.

15.     Further, as part of its diverse practice, FTI appears in numerous cases and proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who represent claimants and parties-in-interest in the Case. Further, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of which may be involved in these proceedings. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtor or its estate in matters upon which FTI is to be employed, and none of these relationships are in connection with or related to the Case. If any new material relevant facts or relationships are discovered or arise, FTI will promptly file a supplemental declaration.

## COMPENSATION

16.Subject to Court approval of the Application and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the District of Delaware, FTI will seek from the Debtor payment for compensation for FTI Services in accordance with the Engagement Letter.

17.The current hourly billing rates, based on the position held by the FTI Professional, are subject to the following ranges:

| Position | Per Hour (USD) |
| --- | --- |
| Senior Managing Directors | $920-$1,295 |
| Managing Directors | $825-$905 |
| Senior Directors | $780-$810 |
| Directors | $700-$754 |
| Senior Consultants | $525-$630 |
| Consultants | $380-$440 |
| Administrative / Paraprofessionals | $150-$280 |

18.Mr. Wikel's hourly rate for this Case is $920 and Mr. Sweigart's hourly rate is $825. Hourly rates are generally revised periodically. FTI will notify the Debtor in writing prior to any changes in hourly rates.

19.Expenses include reasonable and customary out-of-pocket expenses which are billed directly to the Case such as certain telephone, overnight mail, messenger, travel, meals, accommodations and other expenses specifically related to the engagement. Further, if FTI and/or any of its employees are required to testify or provide evidence at or in connection with any judicial or administrative proceeding relating to this matter, FTI will be compensated by the Debtor at its regular hourly rates and reimbursed for reasonable allocated and direct expenses (including reasonable, documented fees of counsel) with respect thereto.

20.FTI received $125,000 as an initial cash on account in connection with a previous engagement. Prior to the Petition Date, FTI received payments for services performed for the

Debtor as set forth below. FTI has applied these funds to amounts due for services rendered and expenses incurred prior to the Petition Date as follows:

| Date | Cash on Account Payments Received | FTI Cash on Account Applied | Replenishment of Cash on Account - FA | Form of Payment | Cash on Account Balance |
|---|---|---|---|---|---|
| 9/24/2020 | $ (125,000) | | | Wire | $ (125,000) |
| 10/9/2020 | 0 | 75,381 | (75,381) | Wire | (125,000) |
| 10/9/2020 | 0 | 76,378 | (76,378) | Wire | (125,000) |
| 10/15/2020 | 0 | 84,004 | (84,004) | Wire | (125,000) |
| 10/21/2020 | 0 | 88,293 | (88,293) | Wire | (125,000) |
| 10/22/2020 | 0 | 74,244 | - | CAO Application | (50,756) |

| Date | Cash on Account Payments Received | FTI Cash on Account Applied | Replenishment of Cash on Account - CRO / DCRO | Form of Payment | Cash on Account Balance |
|---|---|---|---|---|---|
| 10/26/2020 | (10,000) | - | - | Wire | (60,756) |
| 10/26/2020 | $ - | 54,720 | - | CAO Application | (6,036) |

21.     As of the Petition Date, the unapplied portion of the cash on account was $6,036. Also as of the Petition Date, FTI believes that there were no unbilled fees or expenses. The unapplied residual balance of the cash on account will not be segregated by FTI in a separate account and will be held by FTI until the end of the Case.

22.     To the best of my knowledge, (i) no commitments have been made or received by FTI with respect to compensation or payment in connection with the Case other than in accordance with the Engagement Letter, the Application, and the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (ii) FTI has no agreement with any other entity to share with such entity any compensation received by FTI in connection with the Case.

23. By reason of the foregoing, I believe FTI is eligible for retention by the Debtor pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

Dated this 6th day of November, 2020.

*/s/ Daniel P. Wikel*
Daniel P. Wikel
Senior Managing Director
FTI Consulting, Inc.

**Exhibit 1**

**Potential Parties In Interest**

**Debtor**
NS8 Inc.

**Non-Debtor Affiliates**
NS8 B.V.
NS8 Holdings B.V.

**Bank, Credit Card, & Other Financial Accounts**
Silicon Valley Bank
Bank of America
American Express
JPMorgan Chase & Co.
PayPal Holdings, Inc.
Stripe, Inc.
Invictus Global Management, LLC
Alter Domus (US) LLC
Signature Bank

**Officers**[1]
Gordon, Richard (resigned)
Kay, Eric A (resigned)
Kleemann, Tiffany (resigned)

**Board of Directors**[1]
Tim Daileader (Independent)
Jeff Babka (Independent) (resigned)
Lenard Marcus (Edison Partners) (resigned)
Alex Scherbakovsky (AXA Venture Partners) (resigned)
Brad Twohig (Lightspeed) (resigned)
Rick Gordon (NS8) (resigned)

**Key Platform Partners**
Shopify
Prestashop
Bubblestorm Management / WooCommerce
Magento
Thirtybees

**Insurance & Benefits Providers**
Valley Forge Insurance Company
Continental Casualty Company

---

[1] Former officers & directors are included in the equity holder section below

Ace American Insurance Company
Steadfast Insurance Company
Axis Insurance Company
North River Insurance Company
Argonaut Insurance Company
United Healthcare
Trinet Group, Inc.
Altus Partners Inc
Renaissance Life and Health Insurance Company of America
Berkley Professional Liability
Arch Insurance

**Debtor Professionals**
FTI Consulting - Restructuring Group
BlankRome
Cooley LLP
Stretto

**Ordinary Course & Other Professionals**
Crowell Moring
Deloitte Tax LLP
FTI Consulting – SEC & Forensic Group
Archipel
4you Accountancy
Hellmuth & Johnson PLLC

**Regulatory & Taxing Authorities**
Securities & Exchange Commission
United States Department of Justice
Internal Revenue Service
Delaware Dept of Finance - Office of Unclaimed Property
Office of the U.S. Trustee - For the District of Delaware
State of Delaware - Department of Justice
State of Delaware - Division of Revenue
United States Attorney's Office - For the District of Delaware
State of California - Office of the Attorney General
State of California - State Board of Equalization
California State Controller - Unclaimed Property Division
Securities & Exchange Commission - Secretary of the Treasury
Florida State Treasury   - Unclaimed Property Division
State of Florida - General Counsel
State of Florida - Office of the Attorney General
Michigan Dept of Treasury - Unclaimed Property Division
State of Michigan - Office of the Attorney General
State of Michigan - Michigan Department of Treasury
State of Nevada - Department of Taxation

State of Nevada - Office of the Attorney General
Nevada State Treasurer  - Unclaimed Property Division
State of Virginia - Office of the Attorney General
State of Virginia - Virginia Department of Taxation
Virginia Dept of the Treasury  - Unclaimed Property Division
State of Washington - Office of the Attorney General
State of Washington - Department of Revenue
Washington State Dept of Revenue  - Unclaimed Property Section

**Top Creditors**
Alain Mayer
Amazon Capital Services, Inc.
Anago
Apple Computers - Corporate Account
BigCommerce
BWG Strategy
Capgemini Technology Services
cision US Inc
Crawford Door Sales of Nevada, LTD
Crosby MarketWize Consulting
e2y Limited
Eide Bailly
Elijah
Employee Network Inc.
Engineer Better
Fintechamps B.V.
Fit for Commerce
Fivetran Inc
Greenhouse Software Inc.
Hansen Networks
Jamf Software
Kaul Infotyche Solutions LLP
LGC 231, LLC
Master Care Pest Control
MaxMind Inc
Oracle of America, Inc
Packagist Conductors UG - EUR
Paloalto Networks
Paycore BV - Euro
Platinum Parking Company
Reed Exhibitions Mexico S.A. de C.V.
Salesforce.com
Sevans Strategy
SPARKLETTS ( 159 )
State of Nevada Department of Taxation
System3 B.V.

WeWork - Amsterdam
WeWork - Melbourne Australia
WeWork - Miami
WeWork - San Francisco
WeWork - Singapore
Zoom Video Communications, Inc

**Current Equity Holders[2]**
Aaron Barnett
Adam Rogas
Alain Mayer
Albert deVlieger
AVP Capital A FPCI
AVP Capital B FPCI
Bloomberg Beta 2016 L.P.
Blu Venture Investors, LLC
Bradley Twohig
Christopher Machin
Craig Brooks
Dave Salwen
David Hansen
David Jarrick
David William Hanna Trust 10-30-89
DDE Partners, LLC
Edison Partners IX L.P.
Eric Kay
Fedora Blanco, LLC
FiftySix Investments LLC
Gabriel Shepherd
Hillcrest Venture Partners Fund I-A, LP
IRAR Trust FBO: Peter Nieh 3600398
Jacqueline Long
James Holborow
Janmohamed Family Trust
Jeff Nuechterlein
Jeremy Liew
Jessica Cybulski
Jia Min Tan
John Brown
Kathryn Stewart
Katie Phares
Lightspeed Venture Partners Select III, L.P.
Lightspeed Venture Partners Select IV, L.P
Lillian & Evan Englund

---

[2] Also includes recipients of tender offering funds

4

Lytical Ventures CI, LP
M37 Carried Interest, LLC
Marilyn Jones
Mark Herberholz
Matignon Alternatif SAS
Matthew Soghoian
Michael W. Wellman
Millennium Trust Company LLC Custodian FBO Justin Label IRA
Monica Perez
NextGen NS8 LLC
NextGen Opportunity Fund I LP, LLC
NS8 FP LLC
Patrick Allen
Phil Vizzaccaro
Philip Tortora
Phillip Turner
Ravi Mhatre
Renny McPherson
SCP NS8 Investment, LLC
Sean Clauretie
Shan He
Stephen R. Mooney Family Trust c/o Christine M. Mooney, Trustee
Sytze Koolen
TDF
The Mhatre 2011 Irrevocable Children's Trust
The Nieh 2011 Irrevocable Children's Trust
Tony Dawson
Trevor Nelson
Vanessa Caffarena

**Exhibit 2**

**Disclosures**

Ace American Insurance Company
Alter Domus (US) LLC
American Express
Axis Insurance Company
Bank of America
Berkley Professional Liability
BlankRome
Capgemini Technology Services
cision US Inc
Cooley LLP
Crowell Moring
Internal Revenue Service
JPMorgan Chase & Co.
Magento
Salesforce.com
Securities & Exchange Commission
State of California - Office of the Attorney General
State of Washington - Office of the Attorney General
Steadfast Insurance Company
United Healthcare
United States Department of Justice
Zoom Video Communications, Inc