**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NS8 INC.,[1] | ) | Case No. 20-12702 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR NS8 INC. (CASE NO. 20-12702)**

---

[1]    The Debtor and the last four digits of its federal taxpayer identification number is as follows: NS8 Inc. (6056). The notice address for the Debtor is NS8 Inc., PO Box 34120, Las Vegas, NV 89133.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NS8 INC.,[2] | ) ) | Case No. 20-12702 (CSS) |
| Debtor. | ) ) ) | |

**GLOBAL NOTES, METHODOLOGY, AND SPECIFIC
DISCLOSURES REGARDING THE DEBTOR'S SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

NS8 Inc. ("NS8" or the "Company") as debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case (this "Case"), with the assistance of its advisors, have filed its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statement," and together with the Schedules, the "Schedules and Statement") with the United States Bankruptcy Court for the District of Delaware (the "Court"), under section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the Court.

These *Global Notes, Methodology, and Specific Disclosures Regarding the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, the Debtor's Schedules and Statement. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statement.

The Schedules and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtor. Additionally, the Schedules and Statement contain unaudited information that is subject to further review and potential adjustment and reflects the Debtor's commercially reasonable efforts to report the assets and liabilities of the Debtor on an unconsolidated basis.

The Debtor and its agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statement and shall not be liable for any loss or injury arising out of, or caused in whole or in part by, the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting,

---

[2]    The Debtor and the last four digits of its federal taxpayer identification number is as follows: NS8 Inc. (6056). The notice address for the Debtor is NS8 Inc., PO Box 34120, Las Vegas, NV 89133.

communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtor and its agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided in the Schedules and Statement, or to notify any third party should the information be updated, modified, revised, or recategorized. In no event shall the Debtor or its agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including damages arising from the disallowance of a potential claim against the Debtor or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtor or its agents, attorneys, and financial advisors are advised of the possibility of such damages.

Lee Sweigart, the Debtor's Deputy Chief Restructuring Officer, has signed the Schedules and Statement. Mr. Sweigart is an authorized signatory for the Debtor. In reviewing and signing the Schedules and Statement, Mr. Sweigart necessarily has relied upon the efforts, statements, and representations of various personnel employed by the Debtor and its advisors. Mr. Sweigart has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statement, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

**Global Notes and Overview of Methodology**

1.  **Circumstances Giving Rise to the Case.**  As set forth in greater detail in the *Declaration of Daniel P. Wikel, Chief Restructuring Officer of NS8 Inc. in Support of Chapter 11 Petition and First Day Motions* [Docket No. 9] (the "Wikel Declaration"), from NS8's creation in 2016 until September 1, 2020, Adam Rogas ("Rogas") served as the Debtor's Chief Executive Officer, Chief Financial Officer, and as a member of its board of directors.[3]  In these capacities, Rogas was primarily responsible for the Company's financial reporting and various fundraising initiatives.

    By June 2020, NS8 had obtained approximately $123 million in investor funds in the aggregate in connection with its Series A Round.  Of these funds, approximately $72 million were utilized to capitalize a tender offer in which early stage investors were provided the opportunity to redeem their equity interests in the Debtor.  Rogas received $17.5 million in proceeds from that tender offer, personally and through a company he controlled.

    Unfortunately, it appears that the Series A Round was obtained by Rogas through deception and fraud. It is now clear that throughout NS8's history, Rogas had intentionally and grossly overstated its revenue, gross margin, and the extent and profitability of NS8's operations to current and prospective investors, the other members of the Company's senior management team, the board of directors, and corporate partners.

    The overall financial impact to NS8 resulting from these alleged wrongdoings, including any potential incremental recovery of assets and any impact on related liabilities, is not yet fully captured in the Debtor's books and records as of October 27, 2020 (the "Petition Date").  The Debtor's books and records do not reflect, among other things, (i) cash proceeds from investigating and prosecuting various asset recovery claims (which is currently underway), including claims and causes of action arising under chapter 5 of the Bankruptcy Code against Rogas and other parties, and (ii) potential claims against NS8 from defrauded Series A Round investors and other potential victims, which are anticipated to exceed $90 million.

2.  **Reservation of Rights.**  The Debtor reserves all rights to:  (i) amend or supplement the Schedules and Statement from time to time, in all respects, as may be necessary or appropriate, including[4] the right to amend the Schedules and Statement with respect to the description or designation which any claim ("Claim") or interest ("Interest") is asserted

---

[3]   Capitalized terms use but not defined herein shall have the meanings ascribed to them in the Wikel Declaration.

[4]   The words "include," "includes," "including," and variations thereof, shall not be deemed to be terms of limitation, and shall be deemed to be followed by the words "without limitation."

against the Debtor; (ii) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statement as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against the Debtor. Furthermore, nothing contained in the Schedules and Statement shall constitute a waiver of rights with respect to this Case, including issues involving Claims, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtor shall not be required to update the Schedules and Statement.

3.      **Accuracy.** Although every effort has been made to file a complete and accurate Schedules and Statement, inadvertent errors or omissions may exist. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements hereunder. Persons or entities trading in or otherwise purchasing, selling, or transferring Claims against, or Interests in, the Debtor should evaluate this financial information in light of the purposes for which it was prepared. The Debtor is not liable for, and undertakes no responsibility to indicate, variations between any information and reports prepared for securities law disclosure purposes or for any evaluations of the Debtor based on this financial information or any other information.

4.      **Description of Case and "As Of" Information Date.** On the Petition Date, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in this Case. The Debtor is operating its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

Unless otherwise noted, the Schedules and Statement reflect the Debtor's books and records as of the close of business on Monday, October 26, 2020. As discussed above, the Petition Date is Tuesday, October 27, 2020. The first operating day of the postpetition period was Tuesday, October 27, 2020, although limited business was conducted on this date other than work by the Debtor's professionals. Certain information is provided as of September 30, 2020, which was the last month-end closing prior to the Petition Date, but best estimates were used to reflect the value or activity through the Petition Date.

5.    **Net Book Value of Assets.**  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtor to obtain current market valuations for each of its assets on an individual-asset basis.  Moreover, it is anticipated that the value of the remaining business and intellectual property, including two patents, will be determined in connection with the pending sale of the Debtor's assets pursuant to the *Order (I) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (II) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtor's Assets, (III) Establishing Certain Assumption and Assignment Procedures and Approving Manner of Notice Thereof, (IV) Scheduling a Hearing to Approve Assumption and Assignment of the Assumed Contracts; and (V) Granting Related Relief* [Docket No. 105] (the "Bid Procedures Order").

Accordingly, and as discussed above, unless otherwise indicated, the Debtor's Schedules and Statement reflect net book values as of the close of business on October 26, 2020 or September 30, 2020, as applicable, in the Debtor's books and records.

Nonetheless, because the book value of certain assets may differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date.  Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statement.  Given the nature of the Debtor's business, this has limited implications to the values presented.

Claims of individual creditors are listed as the amounts entered on the Debtor's books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtor.  The Debtor reserves all of its rights respecting such credits, allowances, and other adjustments.  Nothing in the Debtor's Schedules and Statement shall be, or shall be deemed to be, an admission that the Debtor was solvent or insolvent as of the Petition Date.

While the Debtor anticipates a material amount of cash proceeds to be generated through its investigation and recovery processes, these assets are currently unliquidated and not included in the Debtor's balance sheet.  As a result, these contingent assets are excluded from the Debtor's Schedules.

6.    **Recharacterization.**  Notwithstanding the Debtor's commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statement, the Debtor may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity of the alleged wrongdoing of Rogas and impact to NS8.  Accordingly, the Debtor reserves all of its rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statement at a later time as is necessary or appropriate as additional

information becomes available, including whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition. Disclosure of information in the Schedules or Statement, or one or more exhibits or attachments to the Schedules or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statement, exhibits, or attachments.

7.    **Liabilities.**  The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statement. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtor reserves all of its rights to amend, supplement, or otherwise modify the Schedules and Statement as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtor reserves all of its rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim. Given the nature of the Debtor's business, this has limited implications to the values presented.

Certain liabilities have been disclosed as contingent, unliquidated, and/or disputed in the Schedules. Examples of such liabilities include amounts potentially owed to entities controlled by insiders.

As previously disclosed, potential claims against NS8 from defrauded Series A Round investors and other potential victims are not captured in the Debtor's books and records as of the Petition Date and are therefore excluded from the Schedules.

8.    **Excluded Assets and Liabilities.**  The Debtor has excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statement, including accrued salaries, employee benefit accruals, and accrued accounts payable. In addition, certain immaterial assets and liabilities may have been excluded.

Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP, and estimates of long-term liabilities either are not payable at this time or have not yet been reported. Therefore, they do not represent specific claims as of the Petition Date and are not otherwise set forth in the Schedules and Statement. Additionally, certain assets with a net book value of zero are not included in the Debtor's Schedules and Statement. Given the nature of the Debtor's business, this has limited implications to the values presented.

9.      **Insiders.**  For purposes of the Schedules and Statement, the Debtor defines "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtor; (d) relatives of the Debtor's directors, officers, or persons in control of the Debtor; and (e) Debtor/non-Debtor affiliates of the foregoing. Parties listed as "insiders" have been included for informational purposes only and by including them in the Schedules and Statements, shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtor did not take any position with respect to:  (a) any insider's influence over the control of the Debtor; (b) the management responsibilities or functions of any such insider; (c) the decision making or corporate authority of any such insider; or (d) whether the Debtor or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose. The listing of a party as an "insider" is not intended to be, nor should be construed as, a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved.

Additional insiders may be identified as the Debtor continues its investigation process in connection with the alleged wrongdoings.  The inadvertent failure to designate a person as an insider in the Schedules and Statement shall not prejudice or prevent the Debtor from later designating such person as an insider and the Debtor reserves all applicable rights.

10.     **Intellectual Property Rights.**  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

11.     **Executory Contracts.**  Although the Debtor made diligent attempts to identify potential executory contracts, in certain instances, the Debtor may have inadvertently failed to do so due to the nature of the business where most transactions with third parties occur electronically, in an automated manner and with automatic renewals.  Accordingly, the Debtor reserves all of its rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

12.     **Classifications.**  Listing (a) a Claim on Schedule D as "secured," (b) a Claim on Schedule E/F as "unsecured," or (c) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtor of the legal rights of the claimant or a waiver of the Debtor's rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

13.     **Claims Description.**  Schedules D and E/F permit the Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on the

Schedules and Statement as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtor reserves all of its rights to dispute, or assert offsets or defenses to, any Claim reflected on its respective Schedules and Statement on any grounds, including liability or classification. Additionally, the Debtor expressly reserves all of its rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtor.

14.    **Causes of Action.**  Despite commercially reasonable efforts to identify all known assets, the Debtor may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules and Statement, including causes of actions arising under chapter 5 of the Bankruptcy Code and any other relevant nonbankruptcy laws to recover assets or avoid transfers.  The Debtor reserves all of its rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") it may have, and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

15.    **Summary of Significant Reporting Policies.**  The following is a summary of significant reporting policies:

- Undetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

- Totals.  All totals that are included in the Schedules and Statement represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

- Paid Claims.  The Debtor was authorized (but not directed) to pay certain outstanding prepetition Claims pursuant to various orders entered by the Court. Accordingly, certain outstanding liabilities that have been reduced by postpetition payments made on account of prepetition liabilities have been designated as either contingent or unliquidated.  To the extent the Debtor pays any of the Claims listed in the Schedules and Statement pursuant to any orders entered by the Court, the Debtor reserves all of its rights to amend or supplement the Schedules and

Statement or take other action as is necessary or appropriate to avoid over-payment of, or duplicate payments for, any such liabilities.

• **Liens**. Property and equipment listed in the Schedules and Statement are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. Dollars.

17. **Setoffs**. The Debtor periodically incurs certain setoffs in the ordinary course of business. Setoffs in the ordinary course can result from various items, including intercompany transactions, pricing discrepancies, returns, warranties, credits, refunds, negotiations, and/or disputes between the Debtor and its vendors, suppliers, or other counterparties. These normal setoffs are consistent with the ordinary course of business. Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtor's Schedules and Statement, except as specifically set forth herein.

18. **Employee Addresses.** Employee addresses have been removed from entries listed throughout the Schedules and Statement, where applicable.

19. **Confidentiality.** There may be instances within the Schedules and Statement where certain information was left blank or redacted due to the nature of an agreement between the Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The omissions or redactions will be limited to only what is necessary to protect the Debtor or a third party and will provide interested parties with sufficient information to discern the nature of the listing. The Debtor will provide copies of all redacted information to the Office of the U.S. Trustee upon request.

20. **Global Notes Control.** In the event that the Schedules and Statement differ from these Global Notes, the Global Notes shall control.

## Specific Disclosures with Respect to the Debtor's Schedules

### Schedules A/B

**Part 1, Question 3.**  The bank accounts listed are the Debtor's primary operating accounts at Silicon Valley Bank, revenue account at Bank of America and nominal cash balance with Chase Bank.  Details with respect to the Debtor's cash management system and bank accounts are provided in the *Motion for Entry of Interim and Final Orders (I) Authorizing (A) Continued Use of Existing Cash Management System, (B) Continued Use of Existing Bank Accounts, (C) Continued Use of Existing Business Forms, (D) Continued Use of the Corporate Credit Card Program, (E) Intercompany Transactions and Granting of Administrative Expense Status for Postpetition Intercompany Claims, and (II) Granting Related Relief Filed By NS8 Inc.* [Docket No. 8] (the "Cash Management Motion").

The Debtor excluded proceeds of $4,000,000 from the Initial DIP Loan which closed on October 30, 2020 and was funded by the DIP lender on November 2, 2020.  Details with respect to the Initial DIP Loan are provided in the *Interim Order Pursuant to 11 U.S.C. §§ 105, 362, 363, 364, 503, and 507 (I) Authorizing the Debtor to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting Liens and Superpriority Administrative Expense Claims; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [Docket No. 43] (the "Interim DIP Financing Order").

**Part 2, Question 7.**  The security deposit for the Las Vegas lease is in connection with an office lease which was rejected pursuant to the *Order Authorizing the Debtor to Reject Certain Unexpired Leases Effective Nunc Pro Tunc to the Petition Date* [Docket No. 97] (the "Lease Rejection Order").  It is currently unclear how the Lease Rejection Order will impact the Debtor's ability to collect this deposit from the landlord.

Deposits for professional services may be applied to pay for work performed on a postpetition basis subject to Court approval.

**Part 2, Question 8**.  Prepayments are primarily related to technology subscriptions or licenses and are not expected to be reimbursed to the Debtor.

**Part 3, Question 10**.  The Debtor does not have unpaid accounts receivable with customers.  However, the Debtor is pursuing claims from third parties in connection with the alleged wrongdoing discussed in Section 1 herein, which resulted in overpayments of revenue referral fees to platform partners.  The overpayments are excluded from the Schedules.

**Part 7, Questions 38-41**.  The Debtor does not maintain a fixed asset register.  The Debtor does have certain audiovisual (A/V) equipment stored at two (2) third party storage facilities which are not captured in the Schedules.  The Debtor does anticipate monetizing these assets but does not expect a material amount of proceeds (less than $50,000).

**Part 10, Questions 60-64.**  As previously disclosed above, the Debtor anticipates selling its intellectual property, technology platform and related business and tax attributes pursuant to the Bid Procedures Order.  The overall technology platform, which includes two patents, was created

by the Debtor and is the foundation for the anti-fraud services it offers to merchants (NS8 customers) with e-commerce stores.  Key functionality includes:

- Integrations with various e-commerce platforms where merchants transact;
- Order and campaign scoring metrics on each integrated platform; and
- Cloud based solution hosted on AWS.

The patents specifically provide for triangulation capabilities to determine consumer locations and device movement activity while in session, enhancing fraud detection capabilities.

The Debtor has not listed its customer listing on Part 10, Question 63 for confidentiality reasons.

**Part 11, Question 72**.  The Debtor anticipates possessing various tax attributes, including unused net operating losses (NOLs), once the Debtor finalizes the tax return documentation and engages in discussions with the IRS.  While the final amount of the NOLs is currently unknown, the net losses reflected in the Debtor's restated income statements in 2019 and YTD September 2020 are estimated to be ($19.3) million and ($34.1) million, respectively.  The Debtor is continuing to work with its forensic advisors and remaining financial employee to create restated financials from 2016 to current.

**Part 11, Question 73**.

When Rogas' alleged wrongdoing was discovered, the Debtor had the following three (3) D&O policies in place to cover losses arising from the acts or omissions of the Debtor's directors and officers:

- Policy 1:  Scottsdale Indemnity Company - $2.0 million (the "Scottsdale Policy");
- Policy 2:  Argonaut Insurance Company - $3.0 Million (the "Argonaut Policy"); and
- Policy 3:  Ironshore Indemnity Inc. - $5.0 Million (the "Ironshore Policy").

Further detail on these policies can be found in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing Continuation of and Payment of Prepetition Obligations Incurred in the Ordinary Course of Business in Connection with Various Insurance Policies, (II) Authorizing Banks to Honor and Process Checks and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 6] (the "Insurance Motion").

Under the terms of the Scottsdale Policy, as of November 11, 2020, approximately $1.6 million (of the $2.0 million available under the Scottsdale Policy) has been disbursed for actual expenses incurred by the Debtor in connection with lawsuits and investigations against Rogas, including lawsuits filed by the Department of Justice (the "DOJ") and the Securities and Exchange Commission (the "SEC") (see Global Notes for Part 3, Statement 7 below for additional information).  In some cases, Scottsdale directly reimbursed certain professionals assisting the Debtor with the investigation work, including Crowell & Moring (investigations counsel), FTI Consulting (forensics consulting services) and Elijah (digital forensics and IT).  The Debtor anticipates it will incur further expenses in connection with these investigations (and potential

future claims filed, if applicable) and will seek reimbursement under the D&O policies of such amounts.

In Question 73, given the ongoing nature of covered events, the Debtor listed the value of the estimated remaining payouts under the policies as undetermined.

**Part 11, Questions 74 and 75.**  In the ordinary course of business, the Debtor may have accrued, or may subsequently accrue, certain rights to claims, counterclaims, cross-claims, setoffs, or refunds with its suppliers or vendors.  Additionally, the Debtor may be a party to pending litigation in which the Debtor has asserted, or may assert, claims as a plaintiff or counterclaims and/or cross-claims as a defendant.  Because such claims are unknown to the Debtor and not quantifiable as of the Petition Date, they are not listed on Schedule A/B.

## Schedule D
The Debtor did not have secured debt as of the Petition Date.  The Debtor excluded from Schedule D the Initial DIP Loan of $4,000,000 which closed on October 30, 2020 and was funded by the DIP lender on November 2, 2020.  Details with respect to the Initial DIP Loan are provided in the Interim DIP Financing Order.

The Debtor has not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

## Schedules E/F
The Court has authorized the Debtor, in its discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code.  For example, on November 18, 2020, the Court entered the *Final Order Authorizing (I) Payment of Wages, Compensation and Employee Benefits and (II) Financial Institutions to Honor and Process Checks And Transfers Related To Such Obligations* [Docket No. 95] authorizing the Debtor to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and similar benefits.  Additionally, on November 18, 2020, the Court entered the *Final Order (I) Authorizing, But Not Directing, the Debtor To Pay Certain Prepetition Taxes* [Docket No. 93], which allowed the Debtor to pay or honor certain prepetition obligations owed to taxing authorities.  To the extent such claims have been paid or may be paid pursuant to Court order, they may not be included on Schedule E/F.

The Debtor used commercially reasonable efforts to report all general unsecured Claims against the Debtor on Schedule E/F based upon the Debtor's existing books and records as of the Petition Date.  The Claims of individual creditors for, among other things, products, goods, or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.  The Debtor reserves all of its rights with respect to any such credits and allowances, including the right to assert objections and/or setoffs with respect to the same.  Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves.  Such amounts are, however, reflected on the Debtor's books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date.  The Debtor made every effort to include as contingent,

unliquidated, or disputed the Claim of any vendor not included on the Debtor's open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. Determining the date upon which each Claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtor does not list a date for each Claim listed on Schedule E/F.

While Schedule E/F includes unpaid rent obligations accrued as of the Petition Date, it may not capture potential claims that may be filed in connection with the lease rejection.

Certain liabilities have been disclosed as contingent, unliquidated, and/or disputed in the Schedules. Examples of such liabilities include amounts potentially owed to entities controlled by insiders.

## Schedule G

Although the Debtor's existing books, records, and financial systems have been relied upon to identify and schedule executory contracts of the Debtor and diligent efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtor's reasonable efforts. The Debtor reserves all of its rights to alter, amend, or supplement Schedule G to the extent that additional executory contracts are identified. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtor hereby reserves all of its rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

As is customary, the Debtor is party to various confidentiality and non-disclosure agreements in the ordinary course. By their terms, certain of these agreements may prohibit the disclosure of those agreements or the identity of the counterparty. The Debtor has therefore excluded confidentiality or non-disclosure agreements from the applicable Schedule G. The Debtor reserves all rights with respect to such agreements.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtor expressly reserves its rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or, multiple, severable, or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and

agreements that may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents.  Portions of some contracts and leases that are listed on Schedule G may have been fully performed, while other portions of the same contracts and leases may remain executory.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein.

The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The Debtor reserves of all its rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.

## Specific Disclosures with Respect to the Debtor's Statement

### Part 1, Statement 1

The Debtor has undertaken a diligent process to retroactively revise its books and records through the Petition Date to be reflective of valid transactions with customers while removing falsified revenue transactions pursuant to Rogas' alleged wrongdoing. The revenue metrics disclosed in Statement 1 reflect these efforts. The Debtor reserves its rights to continue to revise its books and records as the investigation of the wrongdoing continues.

### Part 2, Statement 3

The information provided in Statement 3 shall not constitute a waiver of any of the Debtor's rights or an admission that the recipients of such payments or other transfers were "creditors" or that amounts paid or otherwise transferred were due and owing.

Prior to the Petition Date, the Debtor used an automated, cloud-based platform, Bill.com, to manage disbursements to suppliers. While the applicable disbursements to suppliers using Bill.com are included in the exhibit to Statement 3, the Debtor disclosed the date it funded Bill.com to make the payment which may be different than the date the supplier actual received the payment and cleared the Bill.com-based check.

Domestic gross payroll related disbursements are disclosed as "TriNet", which is the Debtor's payroll services provider for domestic employees. Applicable gross payments by individual employees is not included in Statement 3.

### Part 2, Statement 4

Payroll related payment details to individual employees that is contained in Statement 4 is based on the gross payment amount.

Additional insiders may be identified as the Debtor continues its investigation process in connection with the alleged wrongdoings.

As part of the investigation, the Debtor is currently reviewing corporate credit card activity for Rogas and other insiders which were reimbursed by the Debtor. This credit card activity is not captured in Statement 4 but remains subject to review by the Debtor for potential wrongdoing.

### Part 3, Statement 7

Information provided in Statement 7 includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum. Additionally, any information contained in Statement 7 shall not be a binding admission of the Debtor's liabilities with respect to any of the legal proceedings identified therein. The Debtor is not aware of any EEOC or workers compensation claims. As such, none have been included in Statement 7.

The Debtor reserves all rights with respect to the proceeding set forth in Statement 7 and any claims filed in relation to such proceedings.

The Debtor's Statement 7 excludes the following legal actions filed directly against Rogas:

16

**DOJ proceeding against Rogas, <u>USA v. Adam Rogas, 20-cr-00539 (S.D.N.Y.)</u>**

The DOJ initially filed a complaint against Rogas in the United States District Court for the Southern District of New York on September 14, 2020, with the case number 20-mj-09794.  Rogas was subsequently indicted by the grand jury in the Southern District of New York and the indictment was filed on October 13, 2020.  Rogas pled not guilty to the indictment and the next pretrial court appearance is scheduled for December 1, 2020.  The case is currently in the discovery phase and the court will likely set a trial date at the next court appearance.

**SEC proceeding against Rogas, <u>U.S. Securities and Exchange Commission v. Adam P. Rogas, 20-cv-7628 (S.D.N.Y.)</u>**

The complaint was filed by the SEC in the United States District Court for the Southern District of New York on September 17, 2020.  The SEC issued an asset freeze and order and Rogas consented to the order.  A summons and complaint were served on Rogas and his answer was due on November 16, 2020.  As of the date of this report, Rogas has not responded to the summons and complaint.

The following is a description of other related legal activity that is also excluded from Statement 7:

On December 2, 2019, NS8 received a subpoena from the SEC requesting documents and information related to NS8, including finances, revenue, taxes, fundraising and representations made to investors and potential investors.

On December 4, 2019, NS8's officers including Rogas, David Jarrick, and Tony Dawson received individual subpoenas from the SEC requesting similar documents and information.

On March 13, 2020, NS8 received an additional subpoena from the SEC seeking documents and information related to certain employment-related allegations. Company officers and or/employees Rogas, David Jarrick, Tony Dawson, David Hansen and two other non-insider employees also received additional subpoenas from the SEC requesting similar documents and information.

On September 23, 2020, NS8 received a subpoena from the SEC requesting documents and information related to the alleged fraud discussed in Section 1 herein, including compensation information for NS8 employees, former employees and consultants.  The SEC also requested a capitalization table that reflected equity capitalization subsequent to the Company's 2020 tender offer.

On October 2, 2020, NS8 received a subpoena from the DOJ requesting documents and information related to Rogas' alleged fraud, including all investments in NS8, reports related to NS8's revenue/assets, and all communications with investors or involving Rogas

and relating to (i) NS8's revenue/assets, (ii) formation of any entity other than NS8, and (iii) Rogas' assets and financial transactions.

**Part 13, Statement 26d**

While multiple parties are currently under non-disclosure agreements ("NDAs") in connection with the Debtor's initiatives to seek a sale of substantially all the Debtor's assets, the Debtor has not provided any historical financial statements to these parties.  Due to the confidentiality requirements of the NDAs, such parties are not listed in response to Statement 26d or Schedule G.

It is possible that prospective investors received financial information as part of the Series A Round and other rounds of financing within two years prior of the Petition Date.  The Debtor's and Rogas' communications to prospective investors is currently under careful review pursuant to the SEC investigation process and is not reflected in Statement 26d.

**Part 13, Statement 30**

Distributions by the Debtor to its directors and officers are listed in response to Statement 4.

*        *        *

**Fill in this information to identify the case:**

Debtor name: NS8 Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-12702

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

| | |
|---|---:|
| 1a. **Real property:** | $0.00 |
| Copy line 88 from Schedule A/B | |
| 1b. **Total personal property:** | $2,457,339.06 |
| Copy line 91A from Schedule A/B | |
| 1c. **Total of all property:** | $2,457,339.06 |
| Copy line 92 from Schedule A/B | |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)    $0.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

| | |
|---|---:|
| 3a. **Total claim amounts of priority unsecured claims:** | $0.00 |
| Copy the total claims from Part 1 from line 5a of Schedule E/F | |
| 3b. **Total amount of claims of nonpriority amount of unsecured claims:** | $582,265.21 |
| Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F | |

**4. Total Liabilities**    $582,265.21
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: NS8 Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-12702

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

**2. Cash on hand**

| 2.1 | | | $0.00 |
|---|---|---|---|

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|---|
| 3.1 | Bank of America | Revenue | 9829 | $6,117.37 |
| 3.2 | Silicon Valley Bank | Operating Checking | 1141 | $65,783.00 |
| 3.3 | J.P. Morgan Chase | Checking | 1606 | $213.80 |
| 3.4 | Bank of America | Revenue | 2984 | $0.00 |
| 3.5 | Signature Bank | DIP Designated Acct | 8958 | $0.00 |
| 3.6 | Signature Bank | Liquidation Proceeds Acct | 8974 | $0.00 |

**4. Other cash equivalents** *(Identify all)*

| 4.1 | N/A | | | $0.00 |
|---|---|---|---|---|

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| | |
|---|---|
| | $72,114.17 |

## Part 2:    Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1 | Blank Rome - Professional Fees | $1,760.00 |
| 7.2 | Crowell & Moring LLP - Professional Fees | $3,551.00 |
| 7.3 | FTI Consulting - Professional Fees | $56,036.00 |
| 7.4 | LGC 231, LLC - Las Vegas Office Rent Deposit | $75,784.73 |
| 7.5 | Stretto - Professional Fees | $16,604.60 |
| 7.6 | Hafetz Necheles - Professional and Consultant Fees | $75,000.00 |
| 7.7 | Silicon Valley Bank - Collateral Account for Credit Card | $30,000.00 |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | SEE SCHEDULE A/B 8 ATTACHMENT | $476,488.56 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

| | |
|---|---|
| | $735,224.89 |

## Part 3:    Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| 11a. | 90 days old or less: | N/A | – | | $ | = ........ → | $0.00 |
|---|---|---|---|---|---|---|---|
| | | face amount | | doubtful or uncollectible accounts | | | |
| 11b. | Over 90 days old: | N/A | – | | $ | = ........ → | $0.00 |
| | | face amount | | doubtful or uncollectible accounts | | | |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| $0.00 |

---

| **Part 4:** | **Investments** |

---

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| 14.1 | N/A | | N/A | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                                    % of ownership:

| 15.1 | NS8 Holding B.V. | 100% | None | Undetermined |
| 15.2 | NS8 B.V. | 100% | None | Undetermined |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

| 16.1 | N/A | | | $0.00 |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| $0.00 |

---

| **Part 5:** | **Inventory, excluding agriculture assets** |

---

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 N/A | | $ | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 N/A | | $ | | $0.00 |

**21. Finished goods, including goods held for resale**

21.1    N/A                                                        $                                              $0.00

**22. Other inventory or supplies**

22.1    N/A                                                        $                                              $0.00

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                                    | $0.00 |

**24. Is any of the property listed in Part 5 perishable?**

☑ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes       Book value _____ $       Valuation method _____       Current value _____ $

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1    N/A | $ | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1    N/A | $ | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1    N/A | $ | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1    N/A | $ | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1    N/A | $ | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.                                    | $0.00 |

**34. Is the debtor a member of an agricultural cooperative?**

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☑ No

    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes    Book value _____ $    Valuation method _____    Current value _____ $

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☑ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 N/A | $ | | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 N/A | $ | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 N/A | $ | | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 N/A | $ | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| $0.00 |
|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 8:**    **Machinery, equipment, and vehicles**

---

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1<br>N/A | $ | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1<br>N/A | $ | | $0.00 |
| **49. Aircraft and accessories** | | | |
| 49.1<br>N/A | $ | | $0.00 |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| 50.1<br>N/A | $ | | $0.00 |

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| $0.00 |
|---|

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

**Part 9:**    **Real Property**

---

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1  N/A | | $ | | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

|  |
|---|
| $0.00 |

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 10: | **Intangibles and intellectual property** |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1  Patent - Patent #US 10,552,838 | Undetermined | None | Undetermined |
| 60.2  Patent - Patent #US 10,592,922 | Undetermined | None | Undetermined |
| **61. Internet domain names and websites** | | | |
| 61.1  https://www.ns8.com/en-us | Undetermined | None | Undetermined |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1  N/A | $ | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1  N/A | $ | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1  Technology Platform | Undetermined | None | Undetermined |

**65. Goodwill**

| 65.1 | N/A | | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.                                                                $0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

| **Part 11:** | **All other assets** |

---

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | | | | **Current value of debtor's interest** |

**71. Notes receivable**
Description (include name of obligor)

| 71.1 | N/A | $_____ | – | $_____ | = ➜ | $0.00 |
| | | total face amount | | doubtful or uncollectible amount | | |

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

| 72.1 | Internal Revenue Service Refund | Tax year | 2019-2020 | $1,400,000.00 |
| 72.2 | State of California Refund | Tax year | 2019-2020 | $96,000.00 |
| 72.3 | State of Michigan Refund | Tax year | 2019-2020 | $17,000.00 |
| 72.4 | State of Florida Refund | Tax year | 2019-2020 | $34,000.00 |
| 72.5 | State of Washington Excise Tax Refund | Tax year | 2020 | $103,000.00 |

**73. Interests in insurance policies or annuities**

73.1    Various Corporate and D&O Coverages are in place                                    Undetermined

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1    N/A                                                                                                            $0.00

Nature of Claim

Amount requested                                            $

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1                                                                                                                      $0.00

Nature of Claim

Amount requested                                            $

**76. Trusts, equitable or future interests in property**

76.1                                                                                                                      $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1    N/A                                                                                                            $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

$1,650,000.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 12:    Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $72,114.17 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $735,224.89 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $0.00 | |
| **83. Investments.** Copy line 17, Part 4. | $0.00 | |
| **84. Inventory.** Copy line 23, Part 5. | $0.00 | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $0.00 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $0.00 | |

Debtor   NS8 Inc.
Name

Case number *(if known)* 20-12702

**88. Real property.** Copy line 56, Part 9.   ➔   $0.00

**89. Intangibles and intellectual property.**  Copy line 66, Part 10.   $0.00

**90. All other assets.** Copy line 78, Part 11.   $1,650,000.00

**91. Total. Add lines 80 through 90 for each column**   91a.   $2,457,339.06   91b.   $0.00

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.   $2,457,339.06

**SCHEDULE A/B 8 ATTACHMENT**

Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent

| Description, including name of holder of prepayment | Current Value |
|---|---|
| Altus Partners Inc. - Prepaid Operating Expenses | $31,267.07 |
| ChartHop, Inc. - Prepaid Operating Expenses | $3,325.00 |
| Cloudingo - Prepaid Operating Expenses | $536.50 |
| EShares - Prepaid Operating Expenses | $1,416.67 |
| etailinsights - Prepaid Operating Expenses | $6,250.00 |
| G2.com, Inc. - Prepaid Operating Expenses | $13,333.33 |
| Gartner, Inc. - Prepaid Operating Expenses | $37,341.67 |
| Keeper Security, Inc. - Prepaid Operating Expenses | $4,635.50 |
| Knak Inc. - Prepaid Operating Expenses | $1,556.40 |
| KnowBe4 Inc. - Prepaid Operating Expenses | $1,740.00 |
| Lattice - Prepaid Operating Expenses | $22,000.00 |
| LeadIQ - Prepaid Operating Expenses | $2,691.33 |
| LinkedIn Corporation - Prepaid Operating Expenses | $19,591.16 |
| Marketo, Inc-Marketing - Prepaid Operating Expenses | $18,935.86 |
| Mode Analytics - Prepaid Operating Expenses | $10,431.25 |
| MongoDB Inc. - Prepaid Operating Expenses | $1,200.00 |
| One Clipboard inc.- Prepaid Operating Expenses | $4,000.00 |
| osCommerce-Marketing - Prepaid Operating Expenses | $2,811.65 |
| PitchBook Data, Inc. - Prepaid Operating Expenses | $4,166.67 |
| Pluralsight, LLC - Prepaid Operating Expenses | $8,485.83 |
| PR Newswire-PR - Prepaid Operating Expenses | $2,943.00 |
| Salesforce.com - Prepaid Operating Expenses | $68,278.78 |
| SalesLoft - Prepaid Operating Expenses | $20,775.00 |
| Salus Labs, Inc (dba Triplebyte) - Prepaid Operating Expenses | $90,000.00 |
| SAP - Prepaid Operating Expenses | $11,339.04 |
| SimilarWeb Inc - Prepaid Operating Expenses | $3,000.00 |
| Slab Inc. - Prepaid Operating Expenses | $9,038.95 |
| Snowflake Inc. - Prepaid Operating Expenses | $8,333.33 |
| Tackle.io - Prepaid Operating Expenses | $22,905.00 |
| Tracxn Technologies Private Limited - Prepaid Operating Expenses | $3,552.50 |
| Udemy, Inc. - Prepaid Operating Expenses | $19,339.78 |
| United Health Group - Prepaid Operating Expenses | $5,000.00 |
| Zoom Video Communications, Inc - Prepaid Operating Expenses | $16,267.29 |

In re: NS8 Inc.

Case No. 20-12702

**Fill in this information to identify the case:**

Debtor name: NS8 Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-12702

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:    List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A **Amount of Claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|

**2.1**

**Describe debtor's property that is subject to the lien:**

**Date debt was incurred?**

**Describe the lien**

**Last 4 digits of account number**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

| Fill in this information to identify the case: |
|---|
| Debtor name: NS8 Inc. |
| United States Bankruptcy Court for the: District of Delaware |
| Case number: 20-12702 |

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | **As of the petition filing date, the claim is:** *Check all that apply.* | $ | $0.00 |

☐ Contingent

☐ Unliquidated

☐ Disputed

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Basis for the claim:**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (__)

**Is the claim subject to offset?**

☑ No

☐ Yes

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| 3.1 | **As of the petition filing date, the claim is:** *Check all that apply.* | $3,666.70 |

Alain Mayer
(Address Redacted)

☑ Contingent

☑ Unliquidated

☑ Disputed

**Date or dates debt was incurred**
N/A - As of the Petition Date

**Basis for the claim:**
Professional/Consulting Services

**Is the claim subject to offset?**

☐ No

☑ Yes

**3.2**

Amazon Capital Services, Inc.
PO Box 035184
Seattle, WA 98124-5184

**Date or dates debt was incurred**
N/A - As of the Petition Date

As of the petition filing date, the claim is: $1,507.08
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

**3.3**

Anago
1600 East Desert Inn Road, Ste 250
Las Vegas, NV 89169

**Date or dates debt was incurred**
N/A - As of the Petition Date

As of the petition filing date, the claim is: $2,573.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

**3.4**

Apple Computers - Corporate Account
PO Box 846095
Dallas, TX 75284-6095

**Date or dates debt was incurred**
N/A - As of the Petition Date

As of the petition filing date, the claim is: $2,724.60
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

**3.5**

BigCommerce
11305 Four Points Drive Building II, Third Floor
Austin, TX 78726

**Date or dates debt was incurred**
N/A - As of the Petition Date

As of the petition filing date, the claim is: $29.95
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

3.6

BWG Strategy
15 Maple Street, 3rd Floor
Summit, NJ 07901

**Date or dates debt was incurred**
N/A - As of the Petition Date

As of the petition filing date, the claim is:          $1,000.00
*Check all that apply.*
☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.7

cision US Inc
PO Box 417215
Boston, MA 22241

**Date or dates debt was incurred**
N/A - As of the Petition Date

As of the petition filing date, the claim is:          $1,380.00
*Check all that apply.*
☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.8

Crawford Door Sales of Nevada, LTD
6225 South Valley View Boulevard, Suite D
Las Vegas, NV 89118

**Date or dates debt was incurred**
N/A - As of the Petition Date

As of the petition filing date, the claim is:          $150.00
*Check all that apply.*
☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.9

Crosby MarketWize Consulting
1549 Vine Street
Belmont, CA 94002

**Date or dates debt was incurred**
N/A - As of the Petition Date

As of the petition filing date, the claim is:          $12,500.00
*Check all that apply.*
☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Professional/Consulting Services

**Is the claim subject to offset?**
☑ No

☐ Yes

3.10

e2y Limited
Ntt House Waterfront Business Park, Fleet Road
Hampshire, GU51 3QT United Kingdom

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**      $7,040.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

3.11

Eide Bailly
9139 West Russell Road, Suite 200
Las Vegas, NV 89148

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**      $1,128.75
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

3.12

Employee Network Inc.
1040 Vestal Parkway East
Vestal, NY 13850

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**      $306.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

3.13

Engineer Better
125 Adams Drive
Ashford, TN24 0FX United Kingdom

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**      $36,322.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

3.14

Fintechamps B.V.
Prof. Hugo de Vrieslaan 82
Utrecht,  3571 GK Netherlands

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                    $10,834.73
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**

☑ No

☐ Yes

3.15

Fit for Commerce
40 Highland Ave
Short Hills, NJ 07078

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                    $22,500.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**

☑ No

☐ Yes

3.16

Fivetran Inc
405 14th Street, Suite 1100
Oakland, CA 94612

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                    $20,400.01
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**

☑ No

☐ Yes

3.17

Greenhouse Software Inc.
PO Box 392683
Pittsburgh, PA 15251-9683

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                    $1,963.50
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**

☑ No

☐ Yes

**3.18**

Hansen Networks
4255 Dean Martin Dr. Suite C
Las Vegas, NV 89103 USA

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:** $298,975.60
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.19**

Jamf Software
100 Washington Ave S., Suite 1100
Minneapolis, MN 55401

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:** $13,932.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.20**

Kaul Infotyche Solutions LLP
43 Residency Rd
WeWork
Bangalore,  560038 India

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:** $400.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

---

**3.21**

LGC 231, LLC
c/o Sun Property Management
Attn: Susan Cotton
6140 Brent Thurman Way, Suite 140
Las Vegas, NV 89148

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:** $27,395.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Landlord

**Is the claim subject to offset?**
☑ No
☐ Yes

Debtor    NS8 Inc.
Name

Case number *(if known)* 20-12702

**3.22**

Master Care Pest Control
1613 Mexican Poppy St.
Las Vegas, NV 89128

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**    $100.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

---

**3.23**

Oracle of America, Inc
500 Oracle Parkway
Redwood Shores, CA 94065

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**    $12,274.57
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

---

**3.24**

Paloalto Networks
3000 Tannery Way
Santa Clara, CA 95054

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**    $29,988.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

---

**3.25**

Paycore BV - Euro
Pieter Kiesstraat 7
Haarlem, 2013 BC Netherlands

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**    $10,919.45
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☑ Disputed

**Basis for the claim:**
Professional/Consulting Services

**Is the claim subject to offset?**
☑ No

☐ Yes

3.26

Platinum Parking Company
150 Second Ave North Ste. 50
St. Petersburg, FL 33701

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                    $1,123.50
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.27

Reed Exhibitions Mexico S.A. de C.V.
Edificio Mapfre, Paseo de la Reforma 243, Piso 15
Mexico City,  C.P. 06500 Mexico

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                    $1,600.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.28

SAP America, Inc.
3999 West Chester Pike
Newtown Square, PA 19073

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                    $2,305.44
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.29

Sevans Strategy
11060 Village Ridge Lane
Las Vegas, NV 89135

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                    $5,000.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No
☐ Yes

3.30

Sparkletts (159)
PO Box 660579
Dallas, TX 75266-0579

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                    $32.06
*Check all that apply.*
☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

3.31

State of Nevada Department of Taxation
500 East Third Street
Carson City, NV 89713-0030

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                 $2,611.47
*Check all that apply.*
☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

3.32

System3 B.V.
Oudezijds Achterburgwal 237
Amsterdam,  1012 DL Netherlands

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                $17,680.38
*Check all that apply.*
☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Trade

**Is the claim subject to offset?**
☑ No

☐ Yes

3.33

WeWork - Amsterdam
Weesperstraat 61-105
Amsterdam, AM 1018VN Netherlands

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**                 $9,329.89
*Check all that apply.*
☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Landlord

**Is the claim subject to offset?**
☑ No

☐ Yes

3.34

WeWork - Melbourne Australia
401 Collins Street
Melbourne, VIC 03000 Australia

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**    $3,071.97
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Landlord

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.35

WeWork - Miami
360 NW 27th Street
Miami, FL 33127

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**    $9,927.08
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Landlord

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.36

WeWork - San Francisco
3001 Bishop Drive
San Ramon, CA 94583

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**    $4,416.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Landlord

**Is the claim subject to offset?**
☑ No

☐ Yes

---

3.37

WeWork - Singapore
15 Beach Road, 2nd Floor
Singapore,  Singapore

**Date or dates debt was incurred**
N/A - As of the Petition Date

**As of the petition filing date, the claim is:**    $4,536.48
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
Landlord

**Is the claim subject to offset?**
☑ No

☐ Yes

Debtor    NS8 Inc.
          Name                                      Case number *(if known)* 20-12702

3.38                                                **As of the petition filing date, the claim is:**                        $620.00
                                                    *Check all that apply.*

Zoom Video Communications, Inc.                     ☐ Contingent
55 Almaden Boulevard, Suite 600
San Jose, CA 95113                                  ☐ Unliquidated

                                                    ☐ Disputed

**Date or dates debt was incurred**                **Basis for the claim:**
N/A - As of the Petition Date                      Trade

                                                    **Is the claim subject to offset?**
                                                    ☑ No

                                                    ☐ Yes

## Part 3:    List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. | Line | |
| | ☐ Not listed. Explain | |

## Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $582,265.21 |
| 5c. **Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. | $582,265.21 |

**Fill in this information to identify the case:**

Debtor name: NS8 Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-12702

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**Schedule G:    Executory Contracts and Unexpired Leases**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1   **State what the contract or lease is for and the nature of the debtor's interest**   SEE SCHEDULE G ATTACHMENT

**State the term remaining**

**List the contract number of any government contract**

SCHEDULE G ATTACHMENT
Executory Contracts and Unexpired Leases

| ID | Remainder of Term (Days) | Notice Party's Name | Address 1 | Address 2 | City | State | ZIP | Country | Email |
|---|---|---|---|---|---|---|---|---|---|
| 2.001 | Unknown | 28o3 | (Unknown) | | | | | | info@28o3.com |
| 2.002 | Unknown | 3 Pillar Global, Inc. | Kevin C. Golden, General Counsel | 3975 Fair Ridge Drive | Fairfax | VA | 22033 | US | |
| 2.003 | Unknown | 4You Accountancy | 25 Maerten Trompstraat | | Delft | | 2628 RC | Netherlands | |
| 2.004 | Unknown | 9to9 Malaysia | Wisma Sulisam, No 5, Jalan Pemaju U1/15 | Hicom Glenmarie Industrial Park Shah Alam | Selangor | | 40150 | Malaysia | |
| 2.005 | Unknown | 9to9 Online | Jl. Imam Bonjol Baru No. 7 Blok RTN 03 | Karawaci | Tangerang | | 15115 | Indonesia | |
| 2.006 | Unknown | A2Z Ozone | 1844 Cargo Court | | Louisville | KY | 40299 | US | |
| 2.007 | Unknown | A5SneakersUK | 1803 W. Detweiller Drive | | Peoria | IL | 61615 | US | |
| 2.008 | Unknown | AIME Apparel | (Unknown) | | | | | | website@aimementoring.com |
| 2.009 | Unknown | Air Purifiers America APA | 2929 Longhorn Blvd Ste 103 | | Austin | TX | 78758 | US | |
| 2.010 | Unknown | Akira Beauty | 1160 Battery Street East | Suite 100 | San Francisco | CA | 94111 | US | |
| 2.011 | Unknown | Alencorp | 9200 Waterford Centre Blvd., Suite 600 | | Austin | TX | 78758 | US | |
| 2.012 | Unknown | Alfa Vitamins Store | 4701 NW 77th Avenue | | Miami | FL | 33166 | US | |
| 2.013 | Unknown | Alife | 158 Rivington St | | New York | NY | 10002 | US | |
| 2.014 | Unknown | All Africa Imports | 611 Rose Hill Road | | Bethel Springs | TN | 38315 | US | |
| 2.015 | Unknown | Amazon AWS | 410 Terry Ave. North | | Seattle | WA | 98109 | US | |
| 2.016 | Unknown | Amgrace | 78 Regent Street | | Leamington Spa | | CV32 4NS | UK | |
| 2.017 | Unknown | Apria | 26220 Enterprise Ct | | Lake Forest | CA | 92630 | US | |
| 2.018 | Unknown | Apria Healthcare Group Inc | Attn Erica Wease | 6050 Sprint Parkway | Overland Park | KS | 66211 | US | |
| 2.019 | Unknown | Archipel Tax Advice | Lange Voorhout 86-2 | | EJ Den Haag | | 02514 | Netherlands | |
| 2.020 | Unknown | Avier Food Manufacturing | (Unknown) | | | | | | tjiahui30@gmail.com |
| 2.021 | Unknown | Awara Sleep | 340 S Lemon Ave #9599 | | Walnut | CA | 91789 | US | |
| 2.022 | Unknown | Azraels Armoury | Unit 6, 36-38 | | Arundel | QLD | 04214 | Australia | |
| 2.023 | Unknown | Baja Racing Gear | 32981 Calle Perfecto | | San Juan Capistrano | CA | 92675 | US | |
| 2.024 | Unknown | BargainJunkie | 1536 1st St, | | Newton Falls | OH | 44444 | US | |
| 2.025 | Unknown | BelanJadapur | Belanja Dapur Head Office, Jalan Cikini II No 8A | Mengten | Jakarta | | 10330 | Indonesia | |
| 2.026 | Unknown | ben@b-mobile.ch | (Unknown) | | | | | | ben@b-mobile.ch |
| 2.027 | Unknown | BigCommerce Inc | 11305 4 Points Drive | Building II, Third Floor | Austin | TX | 78726 | US | |
| 2.028 | Unknown | BijouKitty | (Unknown) | | | | | | bijoukittyplush@cox.net |
| 2.029 | Unknown | Bill.com | 1800 Embarcadero | | Palo Alto | CA | 94303 | US | |
| 2.030 | Unknown | Bison Tactical | 2041 Broadway FL2 | | Boulder | CO | 80302 | US | |
| 2.031 | Unknown | Blank Rome | 1201 Market Street | Suite 800 | Wilmington | DE | 19801-2535 | US | |
| 2.032 | Unknown | BNE Marketplace | 11 The Circuit | | Brisbane | | 04008 | Australia | |
| 2.033 | Unknown | BohoPink | 3030 Highway 9 | | Old Bridge | NJ | 08857 | US | |
| 2.034 | Unknown | Boogie Board | 343 Portage Blvd | | Kent | OH | 44240 | US | |
| 2.035 | Unknown | brendan@brave.com | (Unknown) | | | | | | brendan@brave.com |
| 2.036 | Unknown | British Interiors | 17-18 The Hives | Mosley Road Trafford Park | Manchester | | M171HQ | UK | |
| 2.037 | Unknown | Café Du Monde | 800 Decatur Street | | New Orleans | LA | 70116 | US | |
| 2.038 | Unknown | Capgemini Technology Services | Attn: Philippe Keraël | 147 quai du Président Roosevelt | Issy-les-Moulineaux | | 92130 | France | |
| 2.039 | Unknown | caseknives.com | W.R. Case & Sons Cutlery Co | PO Box 4000 | Bradford | PA | 16701 | US | |
| 2.040 | Unknown | Characters Co | (Unknown) | | | | | | jeffrey@charactersco.com |
| 2.041 | Unknown | Charthop Inc | Attn Ian White | 144 N 7th St #320 | Brooklyn | NY | 11249 | US | |
| 2.042 | Unknown | Cheap CSGO Accs | (Unknown) | | | | | | princify@protonmail.com |
| 2.043 | Unknown | CircleCI | 201 Spear St Ste 12 | | San Francisco | CA | 94105 | US | |
| 2.044 | Unknown | Coan Racing | 2277 E North St | | Kokomo | IN | 46901 | US | |
| 2.045 | Unknown | Codelegal B.V. | Lange Voorhout 11 | | EA DEN Haag | | 2514 | Netherlands | |
| 2.046 | Unknown | Contentful | 101 Montgomery Street Suite 2050 | | San Francisco | CA | 94104 | US | |
| 2.047 | Unknown | Cooley LLP | 11951 Freedom Drive | | Reston | VA | 20190 | US | |
| 2.048 | Unknown | Cornerstone Communications LTD | 241 W Charleston Blvd | | Las Vegas | NV | 89102 | US | |
| 2.049 | Unknown | Cox Comunications | 6205 Peachtree Dunwoody Road | | Atlanta | GA | 30328 | US | |
| 2.050 | Unknown | Craft Cellars | 1345 32 Avenue Northeast | | Calgary | AB | T2E7Z5 | Canada | |
| 2.051 | Unknown | CRAZE Vapor Wholesale | 414 N. Commerce St | | Burleson | TX | 76028 | US | |
| 2.052 | Unknown | Crosby MarketWize Consulting | Frederick Crosby | 1549 Vine St | Belmont | CA | 94002 | US | |
| 2.053 | Unknown | Crowell | P.O. Box 75509 | | Baltimore | MD | 21275-5509 | US | |
| 2.054 | Unknown | Cue Anthony Racing | 12575 Beatrice Street, #C15 | | Los Angeles | CA | 90066 | US | |
| 2.055 | Unknown | Dean McDonald | Address Redacted | | | | | | |
| 2.056 | Unknown | Death Wish Coffee Co | 260 Broadway | | Saratoga Springs | NY | 12866 | US | |
| 2.057 | Unknown | Deloitte Tax LLP | 555 West 5th Street, Suite 2700 | | Los Angeles | CA | 90013-1010 | US | |
| 2.058 | Unknown | Denpasoft | 14777 Carmenita Rd | | Norwalk | CT | 90650 | US | |

In re: NS8 Inc.
Case No. 20-12702

SCHEDULE G ATTACHMENT
Executory Contracts and Unexpired Leases

| ID | Remainder of Term (Days) | Notice Party's Name | Address 1 | Address 2 | City | State | ZIP | Country | Email |
|---|---|---|---|---|---|---|---|---|---|
| 2.059 | Unknown | DermaFlash | 25982 Town Centre Dr | | Foothill Ranch | CA | 92610 | US | |
| 2.060 | Unknown | djsboardshop | 5337 Fremont Ave S. | | Minneapolis | MN | 55419 | US | |
| 2.061 | Unknown | Dollar Plus Global | 2915 Losee Rd, Unit 104 | | North Las Vegas | NV | 89030 | US | |
| 2.062 | Unknown | Duck Duck Go | 20 Paoli Pike | | Paoli | PA | 19301 | US | |
| 2.063 | Unknown | Dulces Colibri | UNIINTEN, 912 E. 12th St STE B-157 | | Los Angeles | CA | 90021 | US | |
| 2.064 | Unknown | Easy CPAP | PO BOX1026 | | Hamilton Central | | QLD 4007 | Australia | |
| 2.065 | Unknown | Ekata | 1301 5th Ave #1600 | | Seattle | WA | 98101 | US | |
| 2.066 | Unknown | Elijah | 111 N Wabash, Suite 2018 | | Chicago | IL | 60602 | US | |
| 2.067 | Unknown | ePestSupply | 13661 Jupiter Rd Ste 301 | | Dallas | TX | 75238 | US | |
| 2.068 | Unknown | Ersozyakobi | (Unknown) | | | | | | |
| 2.069 | Unknown | ETX Vape | 414 N. Commerce St | | Burleson | TX | 76028 | US | |
| 2.070 | Unknown | EurekaYa | 10200 David Taylor Dr | | Charlotte | NC | 28262 | US | |
| 2.071 | Unknown | EZ Organic | 15 Kendall Street | | Clyde | NSW | 02142 | Australia | |
| 2.072 | Unknown | Fashion & Limonade | (Unknown) | | | | | | sales@fashionlimonade.com |
| 2.073 | Unknown | Fizzypopization | (Unknown) | | | | | | fizzypopization@gmail.com |
| 2.074 | Unknown | Fleece Performance | 2400 Commerce Way | | Pittsboro | IN | 46112 | US | |
| 2.075 | Unknown | Foundermade | 579 Broadway, Unit 4A | | New York | NY | 10012 | US | |
| 2.076 | Unknown | FragranceOriginal | 24214 83rd Ave | | Bellerose | NY | 11426 | US | |
| 2.077 | Unknown | Framed Bikes | 200 S. Owasso Blvd. E | | St Paul | MN | 55117 | US | |
| 2.078 | Unknown | FTI Consulting, Inc. | 16701 Melford Blvd., Suite 200 | | Bowie | MD | 20715 | US | |
| 2.079 | Unknown | G and G Tools | (Unknown) | | | | | | gandgsales96@gmail.com |
| 2.080 | Unknown | Gains Everyday | 9200 NW 39th Ave | Ste 130 - 3025 | Gainesville | FL | 32606 | US | |
| 2.081 | Unknown | Gallery Dept | 7613 Beverly Blvd | | Los Angeles | CA | 90036 | US | |
| 2.082 | Unknown | GiftPros | 2417 Jericho Tpke Ste 274 | | Garden City | NY | 11040 | US | |
| 2.083 | Unknown | GitHub | 88 Colin P Kelly Jr St | | San Francisco | CA | 94107 | US | |
| 2.084 | Unknown | Global Healing | 2040 North Loop West Ste. 234 | | Houston | TX | 77018 | US | |
| 2.085 | Unknown | Gold Barr Jewelry | (Unknown) | | | | | | alexianaustin@yahoo.com |
| 2.086 | Unknown | Google Gsuite | 1600 Amphitheatre Parkway | | Mountain View | CA | 94043 | US | |
| 2.087 | Unknown | Grabitusa | 1246 Reamwood Ave | | Sunnyvale | CA | 94089 | US | |
| 2.088 | Unknown | Greenhouse Software | 18 W 18th Street, 9th Floor | | New York | NY | 10011 | US | |
| 2.089 | Unknown | Hammitt | 2101 Pacific Coast Hwy | | Hermosa Beach | CA | 90254 | US | |
| 2.090 | Unknown | Handset Detection | L 8 620 Little Bourke St | | Melbourne | VIC | 3000 | Australia | |
| 2.091 | Unknown | Helidirect | 8768 W State Road 236 | | Middletown | IN | 47356 | US | |
| 2.092 | Unknown | Hellmuth & Johnson PLLC | 233 Broadway, Suite 2208 | | New York | NY | 10279 | US | |
| 2.093 | Unknown | Highly Tuned Athletes | 579 Hampton St | | Hampton | VIC | 03188 | Australia | |
| 2.094 | Unknown | Higienis Indonesia | Plaza Bank Index 7th Floor Suite-701 | Jl. M.H. Thamrin Kav.51 | Jakarta | | 10350 | Indonesia | |
| 2.095 | Unknown | Hoodrich Lifestyle | Airbox Fulfilment 8 saxon way trading estate | | Hardmondsworth | | UB70LW | UK | |
| 2.096 | Unknown | House of Knives | (Unknown) | | | | | | help@houseofknives.com.au |
| 2.097 | Unknown | HSC Warranty | 305 Broadway Seventh, Floor | | NEW YORK | NY | 10007 | US | |
| 2.098 | Unknown | Hush Puppies | Wisma Sulisam, No.5, Jalan U1/15 | Hicom Glenmarie Industrial Park Shah Alam | Selangor | | 40150 | Malaysia | |
| 2.099 | Unknown | Ingram Micro Global Services BV | Papendorpseweg 95 | | Utrecht | | 3528 BJ | Netherlands | |
| 2.100 | Unknown | Ingram Micro Inc | 3351 Michelson Drive | Suite 100 | Irvine | CA | 92612-0697 | US | |
| 2.101 | Unknown | Injured Gadgets | 6141 Crooked Creek Rd | | Norcross | GA | 30092 | US | |
| 2.102 | Unknown | Inspirational outdoor Furniture | 155-163 Balham Hill | | London | | SW129DJ | UK | |
| 2.103 | Unknown | Intercom | KPMG Building, 55 2nd St 4th floor | | San Francisco | CA | 94105 | US | |
| 2.104 | Unknown | IT Selection LTD d/b/a ITS European | Abbey House, Hickley's Court | South Street, Farnam | Surrey | | GU97Q | UK | |
| 2.105 | Unknown | Jaime Aleph Andrews Flores | Address Redacted | | | | | | |
| 2.106 | Unknown | Jfredette | P.O. Box 2085 | | Chester | VA | 23881 | US | |
| 2.107 | Unknown | JustForMen | 1101 Westchester Ave W | | White Plains | NY | 10604 | US | |
| 2.108 | Unknown | Kantola Training Solutions | 55 Sunnyside Avenue | | Mill Valley | CA | 94941 | US | |
| 2.109 | Unknown | Kaul Infotyche Solutions LLP | 43 Residency Rd WeWork | | Bangalore | | 560038 | India | |
| 2.110 | Unknown | Kay Collection | Jl. Daan Mogot Km 14 No 1 | Cengkareng Barat, Jakarta Barat | Jakarta | | 11730 | Indonesia | |
| 2.111 | Unknown | Kreyòl Essence | PO Box 900713 | | Homestead | FL | 33090 | US | |
| 2.112 | Unknown | LA Vinotheque | 202 Main St | | Farmington | CT | 06032 | US | |
| 2.113 | Unknown | Lace Up NY | 1650 Pitkin Ave | | Brooklyn | NY | 11207 | US | |
| 2.114 | Unknown | Lattice | PO Box 207585 | | Dallas | TX | 75320 | US | |
| 2.115 | Unknown | LGC 231, LLC | c/o Sun Property Management Attn: Susan Cotton | 6140 Brent Thurman Way Suite 140 | Las Vegas | NV | 89148 | US | |
| 2.116 | Unknown | LIKELY | 5175 Suth Soto St | | Vernon, CA | CA | 90058 | US | |

SCHEDULE G ATTACHMENT

Executory Contracts and Unexpired Leases

| ID | Remainder of Term (Days) | Notice Party's Name | Address 1 | Address 2 | City | State | ZIP | Country | Email |
|---|---|---|---|---|---|---|---|---|---|
| 2.117 | Unknown | Lily Jade | 23411 Hardy Oak Blvd#209 | #209 | San Antonio | TX | 78258 | US | |
| 2.118 | Unknown | Little Addiction | (Unknown) | | | | | US | littleaddictionn@gmail.com |
| 2.119 | Unknown | Logo Jeans | (Unknown) | | | | | US | |
| 2.120 | Unknown | LonoLife | 1722 S. Coast Highway Suite 4 | | Oceanside | CA | 92054 | US | |
| 2.121 | Unknown | Looma | 6190 Powers Ferry Road | Suite 600 | Atlanta | GA | 30339 | US | |
| 2.122 | Unknown | Lost Lake Supplements | PO Box 3068 | | Arlington | WA | 98223 | US | |
| 2.123 | Unknown | Magento, Inc. | 345 Park Avenue | | San Jose | CA | 95110-2704 | US | |
| 2.124 | Unknown | MainGear | 206 Market St | | Kenilworth | NJ | 07033 | US | |
| 2.125 | Unknown | Max Shine Car Care | 1470 Moonstone | | Brea | CA | 92821 | US | |
| 2.126 | Unknown | Maxmind | 14 Spring Street, 3rd Floor | | Waltham | MA | 02451 | US | |
| 2.127 | Unknown | Metadata Inc | 880 Harrison St, Suite 303C | | San Francisco | CA | 94107 | US | |
| 2.128 | Unknown | MFG Inc | (Unknown) | | | | | US | paulnguyen2288@gmail.com |
| 2.129 | Unknown | MFI Medical | 10695 Treena St | | San Diego | CA | 92131 | US | |
| 2.130 | Unknown | Michaels Jewelers | 1350 Main St. | | Springfield | MA | 01103 | US | |
| 2.131 | Unknown | Mister SFC | 1375 E. Grand Ave #103, Box 242 | | Arroyo Grande | CA | 93420 | US | |
| 2.132 | Unknown | Mongo DB | 229 W. 43rd Street, 5th Floor | | New York | NY | 10036 | US | |
| 2.133 | Unknown | MOS Equipment | (Unknown) | | | | | US | info@mosequipment.com |
| 2.134 | Unknown | Muebloom | (Unknown) | | | | | | muebloom@gmail.com |
| 2.135 | Unknown | Muffler Express LTD | 97 Milvan Dr | | Toronto | ON | M9L1Z7 | Canada | |
| 2.136 | Unknown | MyChoiceSoftware | 23706 Birtcher Drive | | Lake Forest | CA | 92630 | US | |
| 2.137 | Unknown | MyMedic | 120 North Redwood Road | | North Salt Lake | UT | 84054 | US | |
| 2.138 | Unknown | National Ropers Supply | 188 County Road 4226 | | Decatur | TX | 76234 | US | |
| 2.139 | Unknown | Natural Genius | 1755 N. Brown Road, Ste 200 | | Lawrenceville | GA | 30043 | US | |
| 2.140 | Unknown | Nectar Sleep | 100 Avebury Boulevard | | Milton Keynes | | MK91FH | UK | |
| 2.141 | Unknown | Nerd Stuff | (Unknown) | | | | | | nerdstuffstore82@gmail.com |
| 2.142 | Unknown | NEWA | EndyMed Medical Inc. | 4400 Route 9 South | Freehold | NJ | 07728 | US | |
| 2.143 | Unknown | Ngrok | 237 A St #26741 | | San Diego | CA | 92101 | US | |
| 2.144 | Unknown | No High | NH Naturals LLC | 10620 Southern Highlands Pkwy Suite 110-386 | Las Vegas | NV | 89141 | US | |
| 2.145 | Unknown | Noetic | 7640 Northwest 25th Street | | Miaml | FL | 33122 | US | |
| 2.146 | Unknown | NPMJS | 1999 Harrison Street, Suite #1150 | | Oakland | CA | 94612 | US | |
| 2.147 | Unknown | Ocean Nail Supply | 14908 Gwenchris Court | | Paramount | CA | 90723 | US | |
| 2.148 | Unknown | Organic Hemp | 2040 N Loop W | Suite 234 | Houston | TX | 77018 | US | |
| 2.149 | Unknown | Organicskincare | (Unknown) | | | | | | admin@organicskincare.com |
| 2.150 | Unknown | Packagist | c/o Packagist Conductors UG - EUR | Friedrichstr. 123 | Berlin | | 10117 | Germany | |
| 2.151 | Unknown | Pandora Las Vegas | 115 Festival Plaza Drive # 150 | | Las Vegas | NV | 89135 | US | |
| 2.152 | Unknown | Payment & Cards Network BV | Keizersgracht 477B | | Amsterdam | | 1017DL | Netherlands | |
| 2.153 | Unknown | Phone2Go | (Unknown) | | | | | | info@phone2go.it |
| 2.154 | Unknown | PrestaShop Inc | 175 SW 7th St | Suite 2009 | Miami | FL | 33130 | US | |
| 2.155 | Unknown | Primera Technology | 2 CARLSON PARKWAY N | | Plymouth | MN | 55447 | US | |
| 2.156 | Unknown | Primeval Labs | 416 Barnett Dr | | Batesville | AR | 72501 | US | |
| 2.157 | Unknown | Quickbooks | 2632 Marine Way | | Mountain View | CA | 94043 | US | |
| 2.158 | Unknown | R&R Outdoor Survival | (Unknown) | | | | | | robbie@rnroutdoorsurvival.com |
| 2.159 | Unknown | Race Car Tools | 2037 NW 27th Avenue | | Miaml | FL | 33142 | US | |
| 2.160 | Unknown | RacquetGuys.com | 7400 Victoria Park Ave Unit 5 | | Markham | ON | L3R2V4 | Canada | |
| 2.161 | Unknown | Rapid Medical | 1355 Shotgun Road | | Sunrise | FL | 33326 | US | |
| 2.162 | Unknown | Red Social | (Unknown) | | | | | | hello@redsocial.com |
| 2.163 | Unknown | Reeds Family Outdoor Outfitters | 522 Minnesota Ave W | | Bemidji | MN | 56484 | US | |
| 2.164 | Unknown | RemoteLock | 2170 South Delaware St. | | Denver | CO | 80223 | US | |
| 2.165 | Unknown | Renaissance | 225 South East Street, Ste. 360 | | Indianapolis | IN | 46202 | US | |
| 2.166 | Unknown | Rent the Jewelry | 5850 Hollister Ave | | Goleta | CA | 93117 | US | |
| 2.167 | Unknown | RGB Halo Kits | (Unknown) | | | | | | INFO@RGBHALOKITS.COM |
| 2.168 | Unknown | Riot Society Clothing | 2529 Chambers Street | Unit A | Vernon | CA | 90058 | US | |
| 2.169 | Unknown | Rivero Consulting LLC | 2515 McKinney Ave | Suite  1200 | Dallas | TX | 75201 | US | |
| 2.170 | Unknown | RJs Trains | (Unknown) | | | | | | Robert.Mendez@RJsTrains.com |
| 2.171 | Unknown | Royal Canin Indonesia | Pondok Indah Office Tower 3 Lt. 8 Suite 803 | Jalan Sultan Iskandar Muda Kav V-TA, RT5/RW3 Pondok Pinang, Kebayoran Lama | Jakarta | | 12310 | Indonesia | |
| 2.172 | Unknown | Rude American | 2675 Patrick Lane #6 | | Las Vegas | NV | 89120 | US | |
| 2.173 | Unknown | Sales Signature EURL | 66, Avenue des Champs Elysées | | Paris | | 75008 | France | |
| 2.174 | Unknown | Salesforce.com | Attn:Kevin Penta | 5 Wall St | Burlington | MA | 01803 | US | |

| ID | Remainder of Term (Days) | Notice Party's Name | Address 1 | Address 2 | City | State | ZIP | Country | Email |
|---|---|---|---|---|---|---|---|---|---|
| 2.175 | Unknown | SAP America Inc. | SAP Canada111, Boulevard Robert-Bourassa | | Montreal | | H3C 2M1 | Canada | |
| 2.176 | Unknown | Sesa Indonesia | Jl. Sultan Iskandar Muda Jl Komp Kostrad | RT.2/RW.7, Kby. Lama Sel., Kec. Kby. Lama, Kota | Jakarta | | 12240 | Indonesia | |
| 2.177 | Unknown | Shield GEO Services Limited of 2003 | 33 Canton Road, Tsim Sha Tsui | 20/F, Tower 5 | Hong Kong | | | China | |
| 2.178 | Unknown | Shop Luxury | (Unknown) | | | | | | info@shopluxury.com |
| 2.179 | Unknown | Shop Softwares | 290 Davidson Avenue | | Somerset | NJ | 08873 | US | |
| 2.180 | Unknown | Shopify Commerce Singapore Pte LTD | 627 Broadway 9th Floor | | New York | NY | 10012 | US | |
| 2.181 | Unknown | Silkn.com | 2815 Forbs Ave | Suite 107 | Hoffman Estates | IL | 60192 | US | |
| 2.182 | Unknown | Simply Bed | (Unknown) | | | | | | DNC |
| 2.183 | Unknown | Slumberpod | (Unknown) | | | | | | contact@slumberpod.com |
| 2.184 | Unknown | SM22 Informatica Ltda. | Rua Coreia 400 BL 3-43 | | Santo Andre | | 09280--140 | Brazil | |
| 2.185 | Unknown | Software Destination | 401 E Jackson St Ste 2340 | | Tampa | FL | 33602 | US | |
| 2.186 | Unknown | Starinmyheart | 2439 200th Ave | | Mora | MN | 55051 | US | |
| 2.187 | Unknown | Stretto | 410 Exchange, Suite 100 | | Irvine | CA | 92602 | US | |
| 2.188 | Unknown | Stripe | 510 Townsend St | | San Francisco | CA | 94103 | US | |
| 2.189 | Unknown | Supermarket Italy | 1275 Valley Brook Ave | | Lyndhurst | NJ | 07071 | US | |
| 2.190 | Unknown | SuperPlastic | 688 Pine Street 2A | | Burlington | VT | 05401 | US | |
| 2.191 | Unknown | SureFit | 8000 Quarry Rd | | Alburtis | PA | 18011 | US | |
| 2.192 | Unknown | Swoonery | 587 5th Ave | | New York | NY | 10017 | US | |
| 2.193 | Unknown | TDP Recruiters LLC | 17608 River Ford Drive | | Davidson | NC | 28036 | US | |
| 2.194 | Unknown | TeamBonding Inc | 18 Washington Street, #200 | | Canton | MA | 02021 | US | |
| 2.195 | Unknown | Tech Delight UK | 86-90 Paul Street | | London | | EC2A4NE | UK | |
| 2.196 | Unknown | Telesign | 13274 Fiji Way | Suite 600 | Marina del Rey | CA | 90292 | US | |
| 2.197 | Unknown | Tenacious Toys | 1483 York Ave Box #20413 | | New York | NY | 10075 | US | |
| 2.198 | Unknown | Texas Time Gifts and Fine Art | 13359 North Highway 183, #406-310 | | Austin | TX | 78750 | US | |
| 2.199 | Unknown | The Bean Coffee Company | 1722 South Coast Highway, Suite 4 | | Oceanside | CA | 92054 | US | |
| 2.200 | Unknown | The Coin Shop | 9937 E Grand Riv Ave | | Brighton | MI | 48116 | US | |
| 2.201 | Unknown | The Pump Warehouse | 3880 Redwood Avenue | | Grants Pass | OR | 97527 | US | |
| 2.202 | Unknown | The Tech Den | 2/28 Piper St | | Caboolture | QLD | 04510 | Australia | |
| 2.203 | Unknown | TheCarryPack | (Unknown) | | | | | | thecarrypack@gmail.com |
| 2.204 | Unknown | Theory11 | (Unknown) | | | | | | jb@theory11.com |
| 2.205 | Unknown | ThirtyBees | Perry A. Craft | 402 BNA Dr., Suite 202 | Nashville | TN | 37027 | US | |
| 2.206 | Unknown | Timarco | 1805 Flamingo Place | | Deerfield Beach | FL | 33442 | US | |
| 2.207 | Unknown | Tools Direct | 1451 Woodruff Rd, Ste S | | Greenville | SC | 29607 | US | |
| 2.208 | Unknown | Tribal Hollywood | 1615 Wilcox Ave | #3030 | Los Angeles | CA | 90028 | US | |
| 2.209 | Unknown | Trinet Group, Inc. | One Park Place, Suite 600 | | Dublin | CA | 94568 | US | |
| 2.210 | Unknown | TSS Outfitters, LLC | 362 N Main | | Tooele | UT | 84074 | US | |
| 2.211 | Unknown | Tuff Stuff 4X4 | 2205 S Wright St | | Santa Ana | CA | 92705 | US | |
| 2.212 | Unknown | Twilio | 645 Harrison Street | | San Francisco | CA | 94107 | US | |
| 2.213 | Unknown | Udemy, Inc. | 600 Harrison Street | | San Francisco | CA | 94107 | US | |
| 2.214 | Unknown | Used Mobiles 4U | 631 Birchwood Blvd | | Warrington | | WA3 7QU | UK | |
| 2.215 | Unknown | Vanson Leathers, Inc | 951 Broadway | | Fall River | MA | 02724 | US | |
| 2.216 | Unknown | Vargus Turbocharger Technologies | 22035 Meekland Ave | | Hayward | CA | 94541 | US | |
| 2.217 | Unknown | Varier Furniture | 2125 32nd St | | Boulder | CO | 80301 | US | |
| 2.218 | Unknown | Veil Cosmetics | 525 W. 52nd Street | | New York | NY | 10019 | US | |
| 2.219 | Unknown | Verifi | 8391 Beverly Blvd., Box #310 | | Los Angeles | CA | 90048 | US | |
| 2.220 | Unknown | ViX Swimwear | 5620 Kearny Mesa Rd | | San Diego | CA | 92111 | US | |
| 2.221 | Unknown | Watercare | Jl. AIP II K.S. Tubun Raya No 77 | | Jakarta | | 11410 | Indonesia | |
| 2.222 | Unknown | Weide & Miller, LTD | 10655 Park Run Drive | | Las Vegas | NV | 89144 | US | |
| 2.223 | 65 | WeWork - Amsterdam | Weesperstraat 61-105 | | Amsterdam | AM | 1018VN | Netherlands | |
| 2.224 | 124 | WeWork - Melbourne Australia | 401 Collins Street | | Melbourne | VIC | 1018VN | Australia | |
| 2.225 | 65 | WeWork - Miami | 360 NW 27th Street | | Miami | FL | 33127 | US | |
| 2.226 | 124 | WeWork - San Francisco | 3001 Bishop Drive Tenant LLC | 3001 Bishop Drive | San Ramon | CA | 95483 | US | |
| 2.227 | 216 | WeWork - Singapore Pte. Ltd | 15 Beach Road, 2nd Floor | | Singapore | | | Singapore | |
| 2.228 | Unknown | WhitePages Inc | 1301 Fifth Avenue | Suite 1600 | Seattle | WA | 98101 | US | |
| 2.229 | Unknown | Woo Commerce | 60 29th St #343 | | San Francisco | CA | 94110 | US | |
| 2.230 | Unknown | WRP Indonesia | 700 Massillon Road #340 | | Uniontown | OH | 44685 | US | |
| 2.231 | Unknown | X.commerce Inc d/b/a Magento | 345 Park Avenue | | San Jose | CA | 95110 | US | |
| 2.232 | Unknown | Xactly | 9225 Bee Cave Road | Building A, Suite 100 | Austin | TX | 78733 | US | |
| 2.233 | Unknown | Zarkoperfume | VAT 35535505 | | Hornbaek | | 03100 | Denmark | |
| 2.234 | Unknown | Zephyr Epic | 8065 130 St | | Surrey | BC | V3W 7X4 | Canada | |

SCHEDULE G ATTACHMENT
Executory Contracts and Unexpired Leases

| ID | Remainder of Term (Days) | Notice Party's Name | Address 1 | Address 2 | City | State | ZIP | Country | Email |
|----|----|----|----|----|----|----|----|----|----|
| 2.235 | Unknown | Zippo.com | 33 Barbour St | | Bradford | PA | 16701 | US | |
| 2.236 | Unknown | ZJ Outfitters | 762 W 41st St | | Miami | FL | 33140 | US | |
| 2.237 | Unknown | Znet Flooring | 10161 Park Run Dr | Ste 150 | Las Vegas | NV | 89140 | US | |
| 2.238 | Unknown | ZombieApocalypZ | 775 Sunrise Ave #230 | | Roseville | CA | 95661 | US | |

**Fill in this information to identify the case:**

Debtor name: NS8 Inc.

United States Bankruptcy Court for the: District of Delaware

Case number: 20-12702

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | | | ☐ D<br>☐ E/F<br>☐ G |

| Fill in this information to identify the case: |
| --- |
| **Debtor name:** NS8 Inc. |
| **United States Bankruptcy Court for the:** District of Delaware |
| **Case number:** 20-12702 |

☐ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

| 11/30/2020 | /s/ Lee Sweigart |
| --- | --- |
| Executed on | Signature of individual signing on behalf of debtor |
| | Lee Sweigart |
| | Printed name |
| | Deputy Chief Restructuring Officer |
| | Position or relationship to debtor |